IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CELESTER EDWARDS, | ) |
| #B-60954, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-538-NJR |
| | ) |
| SPILLER, | ) |
| J. SELBY, | ) |
| D. FLATT, and | ) |
| WARDEN JAIMET, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Celester Edwards, an inmate of the Illinois Department of Corrections currently housed at Danville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff brings allegations pertaining to his incarceration at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1). In connection with his claims, Plaintiff sues Karen Jaimet (Pinckneyville's Warden), J. Selby (Counselor), Spiller (Correctional Officer), and D. Flatt (Grievance Officer). Plaintiff seeks monetary damages and any further relief that the Court deems just. (Doc. 1, p.11).

This case is now before the Court for a preliminary review[1] of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable

---

[1] Preliminary review of Plaintiff's Complaint was delayed pending resolution of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP Motion), which was incomplete. (Docs. 2 and 5). After Plaintiff filed the requisite information, the IFP Motion was denied. (Doc. 7). Thereafter, on April 13, 2018, Plaintiff paid his full filing fee.

1

claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

On June 16, 2017, Spiller attempted to deliver Plaintiff's legal mail (*see* Doc. 1, p. 6), but Plaintiff was not in his cell. *Id.* Later that evening, on two occasions, Plaintiff asked Spiller for his mail. *Id.* (Doc. 1, pp. 6-7). On both occasions, Spiller indicated he would give Plaintiff his mail later. *Id.* On June 17, 2017, Spiller told Plaintiff he could not find his legal mail. (Doc. 1, p. 7). Spiller told Plaintiff he would look for the mail and try to get it to Plaintiff that evening. *Id.* When Plaintiff followed up with Spiller, Spiller said, "I haven't found it yet, but you will have it before I leave tonight." *Id.* Plaintiff did not receive his legal mail. *Id.*

On June 26, 2017, Plaintiff received a letter from the attorney handling the appeal in his criminal case. (Doc. 1, p. 8; Doc. 1-1, p. 12). The attorney confirmed that he did send Plaintiff a letter dated June 13, 2017 (apparently the legal mail that Spiller misplaced). *Id.* The attorney also included a copy of the misplaced letter. *Id.* On June 29, 2017, Plaintiff received an order from the United States District Court for the Northern District of Illinois pertaining to his then pending civil rights action; *Edwards v. City of Chicago,* No. 17-cv-3637 (N.D. Ill). (Doc. 1, p. 8; Doc. 1-1, p. 13). The

order stated:

> Reference is made to Plaintiff's letter and change-of-address notice dated June 18, 2017 (Doc. 11). The court directs the Clerk to re-mail a copy of the Order of June 12, 2017 (Doc. 10) to Plaintiff at his new address. On the Court's own motion, the deadline for paying the full statutory filing fee of $400.00 is extended to August 18, 2017. Failure to remit the filing fee by the extended deadline will result in summary dismissal of this case.

*Edwards v. City of Chicago*, No. 17-cv-3637, Doc. 12. Plaintiff's action was subsequently dismissed as time-barred. *Edwards v. City of Chicago,* No. 17-cv-3637 (N.D. Ill) (Doc. 15).

On June 18, 2017, Plaintiff filed a grievance regarding his lost legal mail. *Id.* No one responded to Plaintiff's grievance. (Doc. 1, p. 7). On July 27, 2017, Plaintiff filed an emergency grievance pertaining to the lost legal mail. (Doc. 1, p. 8). Plaintiff did not receive a response from Jaimet. *Id.* Accordingly, on August 4, 2017, Plaintiff wrote a letter to Flatt asking about the status of his emergency grievance. *Id.* He did not receive a response.

Plaintiff alleges that Spiller retaliated against him for filing grievances pertaining to the lost legal mail. (Doc. 1, p. 8). While incarcerated at Pinckneyville, Plaintiff served as an ADA assistant for disabled inmates. *Id.* On July 20 and July 21, 2017, Plaintiff transported disabled inmates to various locations at Pinckneyville. It was extremely hot on both days, and when Plaintiff returned from transporting the disabled inmates, he was exhausted and dehydrated. (Doc. 1, p. 9). On both days, Spiller denied Plaintiff a shower and ice. (Doc. 1, pp. 8-9). Plaintiff claims Spiller denied him a shower and ice as retaliation for Plaintiff filing grievances in June regarding the misplaced legal mail. *Id.*

Finally, Plaintiff claims that Selby and Flatt failed to properly investigate his grievances pertaining to Spiller. (Doc. 1, p. 10). Specifically, both defendants failed to interview witnesses requested by Plaintiff before concluding that Plaintiff's grievances were unsubstantiated. *Id*. Plaintiff claims that this amounts to a denial of his right to due process. *Id*.

## Merits Review Under § 1915(A)

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** Spiller lost Plaintiff's legal mail on a single occasion in June 2017, in violation of the First Amendment.

**Count 2 –** Spiller lost Plaintiff's legal mail on a single occasion in June 2017, violating Plaintiff's Fourteenth Amendment right of access to the courts.

**Count 3 –** Spiller retaliated against Plaintiff by denying him a shower and ice on two occasions in July 2017, in retaliation for Plaintiff filing grievances about Spiller misplacing his legal mail, in violation of the First Amendment.

**Count 4 –** Jaimet failed to respond to Plaintiff's grievances, in violation of Plaintiff's Fourteenth Amendment right to due process.

**Count 5 –** Spiller and Flatt failed to interview witnesses when investigating Plaintiff's grievances about Spiller, in violation of Plaintiff's Fourteenth Amendment right to due process.

## Count 1

The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail, particularly legal mail. *See Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safely*, 482 U.S. 78 (1987); *Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[a] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system"). A valid claim typically requires "a continuing pattern or repeated occurrences" of mail interference. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). *See also Davis v. Goord*, 320 F.3d 346, 351 (2d Cir.2003) (stating that, "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that the prison officials regularly and

unjustifiably interfered with the incoming legal mail."). This includes a prisoner's claim that his legal mail was opened, delayed for an inordinate period of time, and even lost. *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996).

Plaintiff has alleged that Spiller inadvertently misplaced his legal mail on a single occasion. Given the authority discussed above, Plaintiff has not stated a colorable First Amendment claim. Accordingly, Count 1 shall be dismissed without prejudice.

### Count 2

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Simple negligence that results in a lost opportunity to litigate a matter will not support a claim for violation of the constitutional right to access the courts. *See Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992) (isolated incident of negligence resulting in failure to file complaint did not rise to the level of a constitutional violation); *See Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005) ("When access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs."). However, an allegation that a defendant acted deliberately or recklessly in causing a prisoner to miss a deadline or otherwise lose the opportunity to pursue his claim in court is sufficient to state a civil rights claim. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) (discussing *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)).

Further, an inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). A plaintiff who asserts he was denied access to the courts must identify the case or claim that was lost or prejudiced as a result of the unlawful conduct. *Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). *See also Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions") (internal quotation and citation omitted).

Here, Plaintiff's allegations suggest that his legal mail was lost on one occasion due to negligence, which is insufficient to state a claim. Moreover, even assuming that Spiller deliberately lost Plaintiff's mail, Plaintiff has not alleged an actual injury. Plaintiff does not allege that the lost legal mail hindered his pending appellate or civil rights proceedings (or any other proceeding). Without a showing of actual injury, Plaintiff has failed to provide a sufficient factual basis for an access to courts claim. Thus, Count 2 shall be dismissed without prejudice.

**Count 3**

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). A "prisoner can state a claim for retaliatory treatment by alleging a chronology of events from which retaliation can be inferred." *Jellis v. Hulick*, 422 F. App'x 548, 550 (7th Cir. 2011). However, the Seventh Circuit has rejected the notion that prisoners are *required* to allege a chronology of events at the pleading stage. *See McElroy v. Lopac,* 403 F.3d 855, 858 (7th Cir. 2005) ("we note that the district court required far too much of [the prisoner] in the first place. Our recent cases have rejected any requirement that an inmate allege a chronology of events in order to state a claim of retaliation because such a requirement is contrary to the federal rule of notice pleading."); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (prisoner need not allege a chronology of events in order to state a claim for retaliation). "Instead, a plaintiff must allege only enough to put the defendants on notice and enable them to respond." *McElroy,* at 858. In this regard, allegations describing the defendant's retaliatory conduct and the constitutionally protected activity that motivated the retaliatory conduct are sufficient. *Id.*

According to the Complaint, Spiller retaliated against Plaintiff for filing grievances by denying him a shower and ice on two occasions after he finished transporting disabled prisoners as

part of his prison employment. Plaintiff claims that on both occasions he was extremely hot and dehydrated. It is questionable whether denying an inmate a shower and ice on two occasions constitutes an "adverse action" that would be likely to deter Plaintiff's future First Amendment activity. *See Bridges*, 557 F.3d at 551. The opposite appears to be true, as Plaintiff immediately filed grievances pertaining to both incidents. (Doc. 1-1, pp. 2-4).

Nonetheless, at this early stage, Plaintiff has met the minimal pleading requirements to state a potential retaliation claim. Accordingly, Plaintiff shall be allowed to proceed against Spiller in Count 3.

### Counts 4 and 5

Plaintiff states that Flatt and Selby denied him due process when they failed to interview witnesses in connection with Plaintiff's grievances and/or by failing to respond to his grievances. He also suggests that Jaimet denied him due process by failing to respond to his grievances.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Based on these legal standards, Plaintiff has not stated a due process claim. Accordingly Counts 4 and 5 shall be dismissed from the action with prejudice.

### Pending Motions

Plaintiff's Motion to Request Counsel (Doc. 3) shall be referred to United States Magistrate Judge Donald G. Wilkerson.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 3** shall proceed against **SPILLER**, and **COUNTS 4** and **5** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

The Clerk of the Court is **DIRECTED** to terminate **JAIMET, FLATT,** and **SELBY** as defendants in CM/ECF.

**IT IS FURTHER ORDERED** that as to **COUNT 3**, the Clerk of Court shall prepare for **SPILLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including disposition of Plaintiff's Motion for Recruitment of Counsel. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 26, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**